UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>BRENT DOUGLAS COLE,<br><br>            Defendant. | No.  2:14-cr-00269-GEB<br><br>**PROPOSED TRIAL DOCUMENTS** |

Attached are the Court's proposed closing jury instructions and verdict form. Any proposed modifications should be submitted as soon as practicable.

In the attached closing jury instructions, the Court has attempted to eliminate unnecessary language to "help the jurors . . . concentrate on the question[s] at hand." Achor v. Riverside Golf Club, 117 F.3d 339, 341 (7th Cir. 1997).

Further, the following jury instructions, proposed by the parties, are still being considered: The government's proposed jury instructions, (ECF No. 30), pages[1] 19-21, 34, and

---

[1]    For ease of reference, since the government's proposed instructions are unnumbered, the page numbers used herein reference the CM/ECF page numbering at the top of each page.

1  37-38; and Defendant's proposed jury instructions, (ECF No. 36),

2  Nos. 1-3.

3  Dated:  February 2, 2015

4

5

6  GARLAND E. BURRELL, JR.
   Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>BRENT DOUGLAS COLE,<br><br>　　　　　　Defendant. | No. 2:14-cr-00269-GEB<br><br><br>**CLOSING JURY INSTRUCTIONS** |

Instruction No. 1

Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. Do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

Instruction No. 2


The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

Instruction No. 3


Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Instruction No. 4


You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

Instruction No. 5


[A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.]


**<u>or</u>**


[The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.]

5

Instruction No. 6


You have heard testimony that the defendant made a statement. It is for you to decide whether the defendant made the statement, and if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Instruction No. 7


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.


The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

7

Instruction No. 8

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:

The capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

Whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestion;

Any inconsistent identifications made by the eyewitness;

The witness's familiarity with the subject identified;

The strength of earlier and later identifications;

Lapses of time between the event and any identification; and

The totality of circumstances surrounding any eyewitness identification.

8

Instruction No. 9

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Instruction No. 10


A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

Instruction No. 11


The defendant is charged in Count One of the indictment with assault on a federal officer in violation of Sections 111(a)(1) and (b) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted a federal officer, specifically Bureau of Land Management Ranger Tad Pultorak;

Second, the defendant did so while Bureau of Land Management Ranger Tad Pultorak was engaged in, or on account of, his official duties; and

Third, the defendant used a deadly or dangerous weapon, to wit: a Taurus .44 caliber revolver, or inflicted bodily injury.

Instruction No. 12

The defendant is charged in Count Two of the indictment with assault on a person assisting a federal officer in violation of Sections 111(a)(1) and (b) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted California Highway Patrol Officer Brant Hardin;

Second, the defendant did so while California Highway Patrol Officer Brant Hardin was assisting Bureau of Land Management Ranger Tad Pultorak, a federal officer, in the performance of Bureau of Land Management Ranger Pultorak's official duties, or on account of that assistance; and

Third, the defendant used a deadly or dangerous weapon, to wit: a Taurus .44 caliber revolver, or inflicted bodily injury.

Instruction No. 13

The following terms, used in the instructions concerning Count One and Count Two of the indictment, are defined as follows:

There is a "forcible assault" when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A Taurus .44 caliber revolver is a "deadly or dangerous weapon" if it is used in a way that is capable of causing death or serious bodily injury.

13

Instruction No. 14


The defendant is charged in Count Three of the indictment with discharging, using, or carrying a firearm during and in relation to the crimes of assault on a federal officer, and assault on a person assisting a federal officer, which are both crimes of violence, in violation of Section 924(c)(1)(A) of Title 18, of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed either the crime of assault on a federal officer, as charged in Count One of the indictment, or the crime of assault on a person assisting a federal officer, as charged in Count Two of the indictment, or both; and

Second, the defendant knowingly discharged, used, or carried the Taurus .44 caliber revolver during and in relation to that crime.


The defendant "discharged" a firearm if he fired it, whether intentionally or accidently.


14

The defendant "used" a firearm if he actively employed the firearm during and in relation to the crime of assault on a federal officer, and/or the crime of assault on a person assisting a federal officer.

The defendant "carried" a firearm if he knowingly possessed it and held, moved, conveyed, or transported it in some manner on his person.

Instruction No. 15


When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

16

Instruction No. 16


The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Instruction No. 17


A verdict form has been prepared for you. After you have reached unanimous agreement on the verdict, your presiding juror will fill in the form that will be given to you, sign and date it, and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

Instruction No. 18


If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>        v.<br><br>BRENT DOUGLAS COLE,<br><br>                  Defendant. | No. 2:14-cr-00269-GEB<br><br><br>**VERDICT FORM** |

        WE THE JURY UNANIMOUSLY FIND THE DEFENDANT, BRENT DOUGLAS COLE, AS FOLLOWS:

        AS TO COUNT ONE OF THE INDICTMENT (Assault on a Federal Officer in violation of Title 18, United States Code, Sections 111(a)(1) and (b)):

        NOT GUILTY _____        GUILTY _____

*(If you found the defendant guilty of Count One, you must answer the following two questions. If you found the defendant not guilty of Count One, then proceed to page 3.)*

        If you found the defendant guilty of Count One, do you find beyond a reasonable doubt that the defendant used a deadly weapon or dangerous weapon?

        Yes _____        No _____

1

          If you found the defendant guilty of Count One, do you find beyond a reasonable doubt that the defendant inflicted bodily injury?

          Yes _____          No _____

*(Proceed to page 3.)*

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

2

AS TO COUNT TWO OF THE INDICTMENT (Assault on a Person Assisting a Federal Officer in violation of Title 18, United States Code, Sections 111(a)(1) and (b)):

NOT GUILTY _____          GUILTY _____

*(If you found the defendant guilty of Count Two, you must answer the following two questions. If you found the defendant not guilty of Count Two, then proceed to page 4.)*

If you found the defendant guilty of Count Two, do you find beyond a reasonable doubt that the defendant used a deadly weapon or dangerous weapon?

Yes _____          No _____

If you found the defendant guilty of Count Two, do you find beyond a reasonable doubt that the defendant inflicted bodily injury?

Yes _____          No _____

*(Proceed to page 4.)*

3

AS TO COUNT THREE OF THE INDICTMENT (Discharging, Carrying, or Using a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)):


NOT GUILTY _____     GUILTY _____


*(If you found the defendant guilty of Count Three, you must answer the following question. If you found the defendant not guilty of Count Three, then date, sign, and return this verdict.)*


If you found the defendant guilty of Count Three, do you find beyond a reasonable doubt that the defendant discharged the firearm?


Yes _____          No _____


*(Please date, sign, and return this verdict.)*

Dated this _____ day of _____, 2014.


_____
PRESIDING JUROR

4