UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:14-cr-00269-GEB |
| Plaintiff, | |
| v. | **PROPOSED REVISED CLOSING JURY INSTRUCTIONS** |
| BRENT DOUGLAS COLE, | |
| Defendant. | |

Attached are the Court's proposed revised closing jury instructions. Any proposed modifications should be submitted as soon as practicable.

The government's proposed jury instruction concerning eyewitness identification has been removed from the closing instructions since it has not been shown to be necessary at this stage in the proceedings.

Instructions concerning Defendant's self-defense theory are included as Instruction Nos. 15-17. For authority supporting Instruction No. 16, see generally United States v. Basher, 629 F.3d 1161 (9th Cir. 2011), and Alexander v. Cnty. of Los Angeles, 64 F.3d 1315, 1320 (9th Cir. 1995).

Dated:  February 9, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cr-00269-GEB |
| Plaintiff, | |
| v. | **CLOSING JURY INSTRUCTIONS** |
| BRENT DOUGLAS COLE, | |
| Defendant. | |

Instruction No. 1

Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. Do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

Instruction No. 2

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

Instruction No. 3

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Instruction No. 4


You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

Instruction No. 5


The  defendant  has  testified.  You  should  treat  this
testimony  just  as  you  would  the  testimony  of  any  other  witness.

Instruction No. 6

You have heard testimony that the defendant made a statement. It is for you to decide whether the defendant made the statement, and if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Instruction No. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Instruction No. 8

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Instruction No. 9


The parties stipulated to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

Instruction No. 10

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Instruction No. 11


A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

Instruction No. 12

The defendant is charged in Count One of the indictment with assault on a federal officer in violation of Sections 111(a)(1) and (b) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted a federal officer, specifically Bureau of Land Management Ranger Tad Pultorak;

Second, the defendant did so while Bureau of Land Management Ranger Tad Pultorak was engaged in, or on account of, his official duties; and

Third, the defendant used a deadly or dangerous weapon, to wit: a Taurus .44 caliber revolver, or inflicted bodily injury.

Instruction No. 13

The defendant is charged in Count Two of the indictment with assault on a person assisting a federal officer in violation of Sections 111(a)(1) and (b) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted California Highway Patrol Officer Brant Hardin;

Second, the defendant did so while California Highway Patrol Officer Brant Hardin was assisting Bureau of Land Management Ranger Tad Pultorak, a federal officer, in the performance of Bureau of Land Management Ranger Pultorak's official duties, or on account of that assistance; and

Third, the defendant used a deadly or dangerous weapon, to wit: a Taurus .44 caliber revolver, or inflicted bodily injury.

Instruction No. 14


The following terms, used in Count One and Count Two of the indictment, are defined as follows:


There is a "forcible assault" when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.


A Taurus .44 caliber revolver is a "deadly or dangerous weapon" if it is used in a way that is capable of causing death or serious bodily injury.


14

Instruction No. 15


With respect to Count One, assault on a federal officer, and Count Two, assault on a person assisting a federal officer, the defendant asserts that he acted in self-defense.


It is a defense to Counts One and Two if:

(1) the defendant had a reasonable belief that the use of force was necessary to defend himself against the immediate use of unlawful force; and

(2) the defendant used no more force than was reasonably necessary in the circumstances.


Force which is likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.


In addition to proving all the elements of Count One and Count Two beyond a reasonable doubt, to find the defendant guilty of those charges, the government must also prove beyond a reasonable doubt either: (1) the defendant did not have a reasonable belief that the use of force was necessary to defend himself against the immediate use of unlawful force or (2) that

15

the defendant used more force than was reasonably necessary under the circumstances.

A person who is an attacker cannot use self-defense as a justification for an assault.

Instruction No. 16


A law enforcement officer may stop and/or detain a person for an officer safety purpose if, under the circumstances, it was reasonable for the officer to do so.


Under ordinary circumstances, an officer is not permitted to use handcuffs or draw a weapon in connection with such a stop and/or detention. However, when an officer reasonably believes doing so is necessary to protect his or another person's safety, such measures may be used.

Instruction No. 17


Under the Fourth Amendment, a law enforcement officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether Bureau of Land Management Ranger Tad Pultorak and/or California Highway Patrol Officer Brant Hardin used excessive force in their interactions with the defendant in this case, consider all of the circumstances known to them on the scene, including:

The severity of the crime or other circumstances to which they were responding or which they were investigating;

Whether the defendant posed an immediate threat to the safety of the officers;

Whether the defendant was actively resisting detention or arrest or was attempting to evade detention or arrest;

The amount of time and any changing circumstances during which the officers had to determine the type and amount of force that appeared to be necessary; and

The type and amount of force used.


18

Instruction No. 18


The defendant is charged in Count Three of the indictment with discharging, using, or carrying a firearm during and in relation to the crimes of assault on a federal officer, and assault on a person assisting a federal officer, which are both crimes of violence, in violation of Section 924(c)(1)(A) of Title 18, of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed either the crime of assault on a federal officer, as charged in Count One of the indictment, or the crime of assault on a person assisting a federal officer, as charged in Count Two of the indictment, or both; and

Second, the defendant knowingly discharged, used, or carried the Taurus .44 caliber revolver during and in relation to that crime.


The defendant "discharged" a firearm if he fired it, whether intentionally or accidently.

19

The defendant "used" a firearm if he actively employed the firearm during and in relation to the crime of assault on a federal officer, and/or the crime of assault on a person assisting a federal officer.

The defendant "carried" a firearm if he knowingly possessed it and held, moved, conveyed, or transported it in some manner on his person.

Instruction No. 19

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Instruction No. 20


        The punishment provided by law for this crime is for
the court to decide. You may not consider punishment in deciding
whether the government has proved its case against the defendant
beyond a reasonable doubt.

Instruction No. 21


A verdict form has been prepared for you. After you have reached unanimous agreement on the verdict, your presiding juror will fill in the form that will be given to you, sign and date it, and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

Instruction No. 22


If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.