UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>BRENT DOUGLAS COLE,<br><br>        Defendant. | No.  2:14-cr-00269-GEB<br><br><br>**ORDER** |

On April 2, 2015, and April 14, 2015, Defendant filed two documents, in which he essentially moves for a new trial, purportedly proceeding *in propria persona* while he is simultaneously represented by counsel. (Def.'s Not. Ineffective Assistance Counsel & Pet. Quash Verdict, ECF No. 72 ("Petitioner hereby requests the jury verdict be quashed, this case be remanded for an evidentiary hearing, and reset for trial call."); Def.'s Not. Mot. Dismiss Counsel & Reverse J., ECF No. 74 (stating Defendant "move[s] for an order . . . setting aside the verdict returned February 11, 2015").)

"A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel. Whether to allow hybrid representation remains within the sound discretion of the trial judge." U.S. v. Halbert, 640 F.2d 1000, 1009 (9th Cir. 1981) (citations omitted). Defendant has not been authorized to engage in hybrid representation. Therefore the

1

referenced filings are disregarded.

Further, to the extent Defendant raises in the referenced filings an ineffective assistance of counsel argument, the Court declines to consider the merits of that argument at this time given the lack of "a significant record necessary to adequately consider his broad-based [arguments]." United States v. Steele, 733 F.3d 894, 899 (9th Cir. 2013); id. at 895-99 (affirming the district court's decision to "defer[] consideration of [the defendant's] ineffective assistance claim to collateral review, when a complete record would be available").

Dated: April 22, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2