1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,            No.  2:14-cr-00269-GEB

12                  Plaintiff,

13        v.                              **ORDER DENYING DEFENDANT'S
                                          REQUEST FOR ANCILLARY SERVICES**
14   BRENT DOUGLAS COLE,

15                  Defendant.

16

17          On May 15, 2015, Defendant filed a motion in which he

18   requests  an  "[o]rder  that  reasonably  necessary  ancillary

19   services  be  provided  to  [him]  including  a  paralegal  and  a  law

20   clerk to submit pleadings before judgment; and an investigator to

21   obtain  suppressed  evidence  and  tests."  (Def.'s Mot. 3:17-20, ECF

22   No. 83.)

23          The  government  "takes  no  position  on  [this]  request,"

24   but states, *inter alia*, that such "requests made by a pro se

25   defendant must be accompanied by an adequate explanation as to

26   the need for the specific resources." (Gov't Resp. 1:24, 2:16-23,

27   ECF No. 91.)

28

                                       1

1    Defendant does not specify what "ancillary services" he
2   seeks other than what is referenced the above. Further, he has
3   not shown that the any of the identified services are "necessary
4   for adequate representation." United States v. Knox, 540 F.3d
5   708, 716-17 (7th Cir. 2008) (citing 18 U.S.C. § 3006A(e)(1)); see
6   also United States v. Armstrong, 621 F.2d 951, 956 (9th Cir.
7   1980) ("[§ 3006A(e)] requires the district judge to authorize
8   [investigative] services when . . . a timely request [is made] in
9   circumstances in which a reasonable attorney would engage such
10  services for a client having the independent financial means to
11  pay for them."); cf. Smith v. Enomoto, 615 F.2d 1251, (9th Cir.
12  1980) (indicating a defendant appearing pro se must show need for
13  state-funded investigative services before the same is
14  authorized). When deciding whether to grant a pro se defendant's
15  expenditure request, "the court may consider whether the
16  defendant has a 'plausible defense'" or reason for the request
17  since "the government does not have to 'finance a fishing
18  expedition.'" Knox, 540 F.3d at 716 (quoting United States v.
19  King, 356 F.3d 774, 778 (7th Cir. 2004)).

20    Here, Defendant has not shown that use of an
21  investigator to obtain "suppressed evidence and tests" is
22  necessary at this stage of the proceeding where he has been found
23  guilty by a jury and only sentencing remains for decision.
24  Further, it is unknown why Defendant requests a paralegal and/or
25  law clerk[1] "to submit pleadings before judgment" when he has
26  successfully filed multiple pro se filings from the Sacramento
27  County Main Jail. (See, e.g., ECF Nos. 74, 79, 81-85.)

28  _____
[1]    It is unclear what Defendant means by "law clerk."

2

1          For the stated reasons, Defendant's request for

2   ancillary services is DENIED.

3   Dated:  May 29, 2015

4

5

6                                   GARLAND E. BURRELL, JR.
                                    Senior United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28