UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:14-cr-00269-GEB |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| BRENT DOUGLAS COLE, | |
| Defendant. | |

On June 15, 2015, Defendant filed a motion in which he requests the Court "order change of [advisory] counsel[,]" stating "the defendant does not trust [his advisory counsel, J. Toney,] to file anything [and] . . . does [not] have any confidence in any advice he provides." (Def.'s Mot. Change Advisory Counsel, ECF No. 103.)

Although a district court "may appoint . . . advisory counsel to assist the pro se defendant without infringing on his right to self-representation[,] . . . a defendant who waives his right to counsel does not have a right to advisory counsel." United States v. Moreland, 622 F.3d 1147, 1155 (9th Cir. 2010) (internal quotation marks omitted). "It necessarily follows that a defendant does not have a right to [advisory] counsel of his own choosing." United States v. Webster, 84 F.3d 1056, 1063 (8th Cir. 1996). Therefore, Defendant's request for a change of advisory counsel is DENIED. However, in light of Defendant's

1

1  stated mistrust of his current advisory counsel, Mr. Toney is
2  discharged as Defendant's advisory counsel.
3        Defendant also "prays [in his motion that] th[e C]ourt
4  . . . [t]ake such measures as are necessary to enforce the ruling
5  in Bounds v. Smith (1977) 430 817, 825, 828[,]" stating "[t]he
6  jail has failed to provide the means to weigh mail to determine
7  proper postage or to certify mail, the means to punch or bind
8  legal papers or assist in preparing or filing/serving, affixing
9  index tabs, or obtaining addresses and information for
10 witnesses/parties and government offices." (Def.'s Mot. Change
11 Advisory Counsel.) To the extent Defendant contends he is being
12 denied "meaningful access to the courts," Bounds v. Smith, 430
13 U.S. 817, 824 (1977), Defendant has not alleged, let alone shown,
14 how the referenced issues have affected his right of access to
15 the court. For example, Defendant has not alleged that he has
16 been unable to file or serve a document in connection with his
17 defense; he has successfully filed multiple pro se filings from
18 the Sacramento County Main Jail. (See, e.g., ECF Nos. 74, 79, 81-
19 85, 96, 97, 100, 101, 103.) Further, Defendant does not request
20 any specific relief. For the stated reasons, Defendant's request
21 that the Court "[t]ake such measures as are necessary to enforce
22 the ruling in Bounds v. Smith" is DENIED.
23        Dated:  June 29, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge

2