UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>BRENT DOUGLAS COLE,<br><br>  Defendant. | No.  2:14-cr-00269-GEB<br><br>**ORDER** |

On May 15, 2015, pro se Defendant Brent Douglas Cole filed a motion, in which he requests the Court "[i]ssue an order to show cause [regarding] the necessity of restraints, or remove restraints from the defendant during [future] court hearings." (Def.'s Mot. 4:19-25, ECF No. 81.) Defendant contends "the restraints . . . use[d] constitute cruel and unusual punishment, particularly when left on during long periods when [D]efendant is in a holding cell[,]" and are unnecessary since "Defendant . . . is 61 years old with no criminal record and no history of any violence, except for the current allegations against him." (Id. at 2:19-25, 3:12-16.) Defendant further asserts that his "left arm is aflicted [sic] now with radial nerve palsy, and the restraints used . . . inflict severe physical discomfort and physical pain on that arm." (Id. at 3:22-26.)

The government filed a response to Defendant's motion, stating, *inter alia*:

> [The United States Marshal's initial full shackling] recommendation was apparently based on multiple factors, including the fact that the defendant had been charged with shooting two law enforcement officers . . . .
>
> . . . .
>
> At his arraignment on October 9, 2014, and at each subsequent court appearance leading up to the jury trial, the defendant appeared in restraints. During the jury trial, which commenced on February 3, 2015, and ended with guilty verdicts on all counts on February 11, 2015, the defendant was left unrestrained in the courtroom during the official proceedings.[1] At no time during the trial did the jury witness the defendant shackled or otherwise physically restrained.
>
> . . . .
>
> . . . [D]efendant moves to have his restraints removed during . . . his upcoming non-jury sentencing; at a time when he would be just feet away from Deputy Marshals, Court Security Officers, as well as other law enforcement officers. It is the government's contention that the complete removal of restraints during all future non-jury court hearings would undermine the legitimate objective of maintaining the security of the courtroom.
>
> The government believes that the defendant's current restraint level should remain in place for all future non-jury court hearings[, and that] no additional independent evaluation of the [D]efendant's restraint level is necessary.

(Gov't Resp. 2:2-4:21, ECF No. 96.)

---

[1] A Deputy United States Marshal was asked what type of restraints, if any, were applied to Defendant during his jury trial. The Deputy Marshal responded: "Mr. Cole was shackled to a cement bucket during his jury trial." This retraint type is shielded from the jury's view during trial by the design of the wooden table where the defendant is seated and a fabric panel, which hangs from the lowest point of the front of the table to the floor.

In connection with Defendant's motion, the undersigned judge's career law clerk was asked to speak to a Deputy United States Marshal concerning the United States Marshals Service's current restraint level recommendation for Defendant. The Deputy stated the United States Marshals Service ("USMS") recommends Defendant be fully shackled. The Deputy further stated, *inter alia*, that this recommendation is based upon Defendant's criminal history (his conviction of two felony counts of assault on a federal officer with a deadly weapon which inflicts bodily injury, 18 U.S.C. § 111(a)(1) and (b); and conviction of the felony charge of discharging a firearm during and in relation to these crimes of violence, 18 U.S.C. § 924(c)(1)(A)).

In light of the USMS's shackling recommendation, Defendant has not shown his legs should be unshackled during his sentencing hearing. See e.g., United States v. Zuber, 118 F.3d 101, 103 (2d Cir. 1997) (rejecting "as a matter of law, the contention that the district court err[s] in deferring to the recommendation of the Marshals Service on the need to restrain the defendant at his sentencing hearing"); Bell v. Wolfish, 441 U.S. 520, 539 (1979) ("[I]f a particular condition . . . of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'"). Therefore, this portion of Defendant's motion is DENIED.

Dated: July 6, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge