UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRENT DOUGLAS COLE,<br><br>　　　　　Defendant. | No.  2:14-cr-00269-GEB<br><br><br>**ORDER** |

　　　　　On July 2, 2015, pro se Defendant Brent Douglas Cole filed a "Motion for Extension of Time," in which he requests sentencing be continued until "after appeal from this court is adjudicated," arguing "this Court lacks jurisdiction" since a "[n]otice of appeal was filed[,]" and he "has not [yet] received the pre-sentence report [("PSR"), making it] . . . impossible to comply with the order of the Court to file [a] motion for correction [thereof] by 6/26/15." (Def.'s Mot., ECF No. 110.)

　　　　　The government responded to Defendant's motion in two filings because at the time of its first filing, "the government ha[d] not [yet] . . . sp[oken] with the Probation Officer to determine when and how the Final PSR was delivered to the defendant at the Sacramento County Jail." (Gov't Resp. 4 n.3, ECF No. 118.) The government filed its first response on July 7, 2015, rejoining: "this Court has not been divested of jurisdiction by the mere filing of th[e] appeal, and it is

1

therefore not necessary to stay the sentencing on that basis alone." (Id. at 4:15-18.) The government argues:

> Because there has been no final judgment in this case, and because the defendant's interlocutory appeal does not fall under the collateral order exception, the government contends that the Ninth Circuit Court of Appeals lacks jurisdiction to consider the defendant's appeal. Consequently, this Court has not been divested of jurisdiction and sentencing may proceed. An appeal from a non-final order does not divest a district court of jurisdiction. Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993).

(Id. at 6:6-11 (footnote omitted).) The government filed a supplemental response on July 8, 2015, stating:

> This morning, the government learned that Probation has not yet delivered a copy of the Final PSR to the defendant at the Sacramento County Jail, but intends to do so today (July 8, 2015).
>
> Because of the late delivery of a copy of the Final PSR to the defendant, the government respectfully recommends that the sentencing hearing currently scheduled for July 10, 2015, be converted into a status of sentencing hearing. At that status hearing, a new sentencing date could be selected which affords the defendant sufficient time to review the Final PSR and prepare and file any formal objections he has to it.

(Gov't Supp. Resp. 1:20-26, ECF No. 119.)

Defendant's request to delay sentencing until after Defendant's appeal has been adjudicated is denied because the "transfer of jurisdiction from the district court to the court of appeals is not effected . . . [when] a litigant files a notice of appeal from an unappealable order." Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993); see also United States v. Rodgers, 101 F.3d 247, 252 (2d Cir. 1996) (holding a premature

notice of appeal "did not divest the district court of jurisdiction").

However, since Defendant has not yet been provided a copy of the final PSR, the sentencing hearing scheduled on July 10, 2015, is continued to August 7, 2015, commencing at 9:00 a.m. Further, any motion for correction of the PSR shall be filed with the Court and served on the Probation Officer and opposing counsel no later than July 24, 2015; and any reply thereto shall be filed no later than July 31, 2015.

Dated: July 8, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge