UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRENT DOUGLAS COLE,<br><br>　　　　Defendant. | No.  2:14-cr-00269-GEB<br><br>**ORDER DENYING DEFENDANT'S JULY 2, 2015 MOTION**[*] |

On July 2, 2015, Defendant filed a "Motion in Arrest of Judgment," in which he "moves th[e C]ourt to: 1.) set aside the verdict issued February 11, 2015; 2.) Declare an acquittal on all charges; 3.) Hold an evidentiary hearing to allow [D]efendant to present evidence and present unresolved issues; [and] 4.) take all other actions deemed appropriate by the Court." (Def.'s Mot. Arrest J. 32:14-18, ECF No. 116.) Defendant also requests "reversal and a new trial based on newly discovered evidence, pursuant to [Federal Rule of Criminal Procedure ("Rule")] 33." (Id. at 20:19-23.) Defendant argues the following grounds justify the requested relief: ineffective assistance of counsel, lack of culpability under "the common law," the "violation of due process," a conspiracy against his rights, the "deprivation of rights," "Defendant's standing as a federal officer,"

---

[*]  This matter is suitable for decision without oral argument.

1

1   "jurisdictional error," the "knowing use of perjury to convict,"
2   the "suppression of material evidence," an invalid complaint,
3   "prosecutorial misconduct," and the "denial of a right to [a]
4   common law proceeding." (Id. at 3:16-23, 4:11-21, 5:1-5, 8:1,
5   10:1, 12:1, 13:1-3, 14:18, 15:25, 16:1, 17:9, 17:9-15, 19:1,
6   21:1, 23:1, 23:20-26, 24:1.)

7          The government opposes the motion, arguing it "is time-
8   barred under both Rule 33 and Rule 34 because [Defendant] failed
9   to file it within fourteen days of the jury's verdict[,]" and
10  "[t]here is no newly discovered evidence." (Gov't Resp. Mot.
11  Arrest J. 7:27-28, ECF No. 132.)

12         Defendant replies that his motion is not time-barred,
13  contending Rule 45(b) permits the Court to extend Rule 33 and
14  Rule 34's filing deadlines "because of excusable neglect."
15  (Def.'s Reply 6:2-16, ECF No. 143 (internal quotation marks
16  omitted) (quoting Fed. R. Crim. P. 45(b)(1)(B)).)

17         A defendant must "move to arrest judgment [under Rule
18  34] within 14 days after the court accepts a verdict." Fed. R.
19  Crim. P. 34(b). Similarly, "[a]ny motion for a new trial [under
20  Rule 33] grounded on any reason other than newly discovered
21  evidence must be filed within 14 days after the verdict or
22  finding of guilty." Fed. R. Crim. P. 33 (b)(2). However, a
23  "motion for a new trial grounded on newly discovered evidence
24  must be filed within 3 years after the verdict or finding of
25  guilty." Fed. R. Crim. P. 33(b)(1).

26         "[I]n general, a defendant seeking a new trial on the
27  basis of newly discovered evidence must show[, *inter alia*,] that
28  'the evidence relied on is, in fact, newly discovered, i.e.,

2

discovered after the trial.'" United States v. McKinney, 952 F.2d 333, 335 (9th Cir. 1991) (quoting Pitts v. United States, 263 F.2d 808, 810 (9th Cir. 1959)); see United States v. Harrington, 410 F.3d 598, 601 (9th Cir. 2005) (discussing "five-part test" a defendant must satisfy to prevail on a Rule 33 motion for new trial based on newly discovered evidence). Further, the defendant must "show that the evidence could not have been discovered with due diligence at a time early enough to form the basis for a timely motion at or before trial." United States v. Conforte, 624 F.2d 869, 879 (9th Cir. 1980). "[E]vidence is not 'newly discovered' when it was known or could have been known by the diligence of the defendant or his counsel." United States v. Provenzano, 620 F.2d 985, 997 (3rd Cir. 1980) (internal quotation marks and citation omitted); see also 3 Charles Alan Wright & Sarah N. Welling, Federal Practice & Procedure (4th ed. 2011) § 584 ("Whether sufficient diligence was used must ordinarily be determined from the composite knowledge and conduct of both the accused and his counsel.").

Here, Defendant argues the following evidence was newly discovered and justifies the granting of a new trial: the discovery of witness David Brett Tuter, who "heard the gunshots . . . a very short distance from the incident[;]" locating witness Chris Donegan who is "[a]nother witness . . . present at the scene[, who] . . . spoke with the [Defendant;]" and the defense investigator's interview of Michael Radon. (Def.'s Mot. Arrest J. 19:1-25, 29; id. App. C.)

However, Defendant has not shown that this evidence was unknown to him or his counsel and/or that it could not have been

discovered with reasonable diligence, before trial. For example, Defendant indicates that David Tuter was referenced in discovery provided to defense counsel at Bates page number COLE 00429. (See Def.'s Mot. Arrest J. 19:1-13.) And Defendant necessarily knew of Cris Donegan's existence since Defendant states they spoke to each other shortly before the incident and that Mr. Donegan witnessed the Defendant at the incident scene. (Id. at 19:17-25.)

Therefore, whether construed as motion for arrest of judgment under Rule 34 and/or a motion for new trial under Rule 33, Defendant's July 2, 2015 motion is untimely.[1]

Further, Defendant has not shown that he failed to timely file the motion "because of excusable neglect." Fed. R. Crim. P. 45(b). Defendant merely references the rule; he has not shown that the standard is satisfied. See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993) (in the context of applying Federal Rules of Bankruptcy Procedure Rule 9006(b)(1), discussing factors to consider in "determining what sorts of neglect will be considered 'excusable'"); see also United States v. Jassal, 388 F. App'x 748, 450 (9th Cir. 2010) (indicating the Pioneer Inv. Servs. Co. "excusable neglect" factors should be applied in determining whether a Rule 33 new trial motion was timely filed); Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 825 n.4 (9th Cir. 1996) ("While Pioneer involved Bankruptcy Rule 9006(b), the Court's analysis was based on the plain meaning of the phrase 'excusable neglect'

---

[1] Defendant's July 2, 2015 motion is also untimely if construed as a Rule 29 motion for a judgment of acquittal. See Fed. R. Crim. P. 29(c)(1) ("A defendant may move for a judgment of acquittal . . . within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.").

4

and drew on its use in other procedural contexts, including Fed. R. Civ. P. 6(b) and Fed. R. Crim. P. 45(b).").

For the stated reasons, Defendant's July 2, 2015 "Motion in Arrest of Judgment," (ECF No. 116), is DENIED.

Dated: August 25, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge