UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>BRENT DOUGLAS COLE,<br><br>          Defendant. | No.  2:14-cr-00269-GEB<br><br>**ORDER REGARDING DEFENDANT'S MOTION FOR TRANSCRIPTS, ANCILLARY SERVICES, AND DISCOVERY/EVIDENCE**[*] |

On July 2, 2015, Defendant filed a "Motion for Transcript[s], Ancillary Services, and Discovery/Evidence," in which he makes twenty-four itemized requests for relief that can be summarized as requests for: transcripts of various proceedings "without charge" (requests nos. 1, 2, 5, 10, 12, 13), copies of multiple docket entries (requests nos. 4-16), "an order for the [government] to provide a listing of discovery given to [Defendant's former] counsel J. Toney" (request no. 18), an order to show cause issued to the government "to demonstrate the existence of a bona fide emergency or other extraordinary circumstance which prevented [D]efendant from receiving a [timely] probable cause determination" (request no. 19), an order for the return of Defendant's property (request no. 20), the

---

[*]     This matter is suitable for decision without oral argument.

1

provision of "reasonably necessary ancillary services . . . including a paralegal . . . and an investigator" (request no. 21), an order that the government produce certain items and conduct further forensic testing (requests nos. 3, 22, 22[1], 23), and for a determination concerning the lawfulness of Defendant's arrest (request no. 22). (Def.'s Mot. 8:2-11:16, ECF No. 115.) Defendant's requests are addressed below.

### A. Requests for Transcripts and Docket Entries (Requests Nos. 1, 2, 4-16)

Defendant requests the Court provide him with transcripts from multiple proceedings and copies of numerous docket entries. (Id. 8:1-7, 8:15-10:14.)

The government "does not object to the Court ordering the production of these materials," but states "[D]efendant's request for these materials seems premature, as these items would be more relevant to direct appeal, following sentencing." (Gov't Resp. 5:10-13, ECF No. 141.)

Defendant does not contend the requested transcripts and docket entries are sought in connection with his upcoming sentencing. Rather, it appears they are sought for purposes of appeal. However, Defendant has not shown the requests are timely if they are made for purposes of appeal. "As a general rule, [the Ninth Circuit] 'ha[s] jurisdiction of appeals from . . . final decisions of the district courts.'" United States v. Godinez-Ortiz, 563 F.3d 1022, 1026 (9th Cir. 2009) (quoting 28 U.S.C. § 1291). "In criminal cases, this rule ordinarily 'prohibits

---

[1]  The Defendant utilized two number 22s in his numbering.

2

appellate review until conviction and imposition of a sentence.'" Id. (quoting Flanagan v. United States, 465 U.S. 259, 263 (1984) (brackets omitted)). Therefore, this portion of Defendant's motion is denied without prejudice. See Ingram v. Grant Joint Union High Sch. Dist., No. CIV S-08-2490 FCD DAD PS, 2010 WL 3245169, at *11 (E.D. Cal. Aug. 16, 2010) (denying without prejudice the plaintiff's motion for transcripts at government expense "until such time as a final judgment is entered and a proper appeal is filed").

### B. Requests Nos. 3, 20, 22, 22, 23

Defendant requests the following: an order that the Nevada County Sheriff's Office ("NCSO") provide certain evidence entries from case no. 11401626; an order returning Defendant's laptop computer, papers, and Cannon digital camera; an order that a "gunpowder residue test be performed on the defendant's clothing[;]" an order requiring evidence be examined "to determine facts shown by ballistics evidence and the vertical wound[;]" and an order requiring the production of "the contents of the 'logbook from BLM truck' (E302), CD of interviews with firefighters E-201, E203, thumb drive audio from BLM traffic stop E-325, and all other relevant evidence which defendant has not been provided a copy of, including CHP dispatch log and audio (E321-322)." (Def.'s Mot. 8:8-13, 10:27-28, 11:7-16.)

With the exception of Defendant's request for a CD of interviews with firefighters (E-203), each of these requests is the subject of Defendant's pending Motion to Enjoin Disposal and Return Property (ECF No. 97), which was referred to the Duty Magistrate Judge for decision under Local Rule 302(b)(6). (See

ECF No. 98.) Therefore, decision on this portion of Defendant's motion is not reached.

Further, the government states in its response that "NCSO Entry 120/E-203 CD with Interviews" was previously provided to Defendant in discovery at Bates page 1153 and "if the defendant still claims not [to] have [this item] after reviewing [the government's response], [it] will provide another . . . copy to the defendant." (Gov't Resp. 9:17-18.) Therefore, decision on this specific request is also unnecessary.

### C. List of Discovery (Request No. 18)

Defendant requests the "issu[ance of] an order for the [government] to provide a listing of discovery given to [former defense] counsel J. Toney." (Def.'s Mot. 10:15-16.)

This request is moot in light of the government filing as an exhibit to its response "a copy of the [government's] discovery production log in this case." (Gov't Resp. 8:7-9; id. Ex. A.)

### D. Order to Show Cause Re: Probable Cause Determination (Request No. 19)

Defendant requests an order requiring the government

> to demonstrate the existence of a bona fide emergency or other extraordinary circumstance which prevented defendant from receiving a probable cause determination by a qualified judicial officer within 48 hours of being incarcerated on June 19, 2014 and prevented such determination from September 24, 2014 until October 7, 2014 in accord with County of Riverside v. McLaughlin, 500 US 44, 56, 57, . . . [(1991)].

(Def.'s Mot. 10:18-25.)

4

1         The government responds, *inter alia*:

2              The defendant's motion is untimely pursuant to Fed. R. Crim. P. 12(b)(3)(A)(ii). Rule 12 requires that such a motion "must" be brought prior to trial. Trial in this case began on February 2, 2015 and concluded with the jury's verdict on February 11, 2015. Defendant did not file this motion until July 2, 2015, approximately 141 days after the verdict. Defendant's motion is waived. United States v. Collins, 684 F.3d 873, 887 (9th Cir. 2012).

(Gov't Resp. 5:20-24.)

         Defendant replies that "[c]ontrary to the prosecution's assertion, [he] timely raised the issue of the delay in charging, and violation of due process in his 28 USC § 2255 motion filed on 1/[29]/2015, ECF 42." (Def.'s Reply 4:1-6, ECF No. 147.)[2]

         Defendant did not raise this issue through his counsel pre-trial. And although Defendant did argue, in pro per, in his January 29, 2015 § 2255 motion that "[t]here has been no preliminary examination, due process hearing, or pretrial hearing in violation of 18 U.S.C. §§ 2072 et seq. and the United States Supreme Court decision in Gerstein v. Pugh, 420 U.S. 103, 125 . . . (1975)," and "there has been no showing that a bonifide [sic] emergency justified delay for over 48 hours[,]" the Court had not authorized Defendant to engage in hybrid representation. (Def.'s § 2255 Mot. 2:23-3:14, ECF No. 42; see United States v. Williams, 791 F.2d 1383, 1389 (9th Cir. 1986) ("A criminal defendant does not have an absolute right to serve as co-counsel.

---

[2] To the extent Defendant raises new arguments in his reply brief, they are not considered. (See, e.g., Def.'s Reply 32:20-25 (arguing the indictment should be quashed for alleging more than one assault); United States v. Cox, 7 F.3d 1458, 1463 (9th Cir. 1993) (holding the defendant waived an argument by not raising it in his opening brief, stating "a party may not make new arguments in the reply brief").

5

1  Whether to allow hybrid representation . . . is within the sound
2  discretion of the judge." (citation omitted)).) The Court did not
3  reach the merits of the arguments raised in Defendant's § 2255
4  motion; the motion was denied without prejudice as premature.
5  (See Order Denying Def.'s 28 U.S.C. § 2255 Mot., ECF No. 68.)

6        Further, Defendant's referenced in pro per § 2255
7  motion is untimely under Local Rule 430.1(c), which requires
8  "[a]ll pretrial motions [to] be filed within twenty-one (21) days
9  after arraignment unless a different time is specifically
10 prescribed by the Court." See Fed. R. Crim. P. 12(c) ("The court
11 may . . . set a deadline for the parties to make pretrial
12 motions."). Here, Defendant's § 2255 motion was filed on January
13 29, 2015, over 100 days after he was arraigned, and he has not
14 shown justification to excuse the delay.

15       For the stated reasons, this portion of Defendant's
16 motion is denied as untimely. See United States v. Bogard, 846
17 F.2d 563, 568 (9th Cir. 1988) (affirming denial of pretrial
18 motion as untimely where motion was filed after "the original and
19 extended deadlines for pretrial motions" and the defendant did
20 not "present[] . . . an explanation that warrants a waiver of the
21 deadline"), superseded by statute on other grounds as recognized
22 by Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 n.1 (9th
23 Cir. 1996).

24     **E.   Ancillary Services (Request No. 21)**

25       Defendant requests "reasonably necessary ancillary
26 services be provided including a paralegal due to defendant's
27 being disabled from gunshot wounds and only allowed [law library]
28 access . . . two hours per week . . . and an investigator to

locate witnesses, witness information, and interview David Tuter." (Def.'s Req. 11:1-5.) Defendant also requests "[t]he services of a law clerk . . . to index tab and prepare a filing with exhibits of the motions and petitions, which [former defense] counsel failed and/or refused to file . . . to properly document [his] nonfeasance." (Id. at 3:20-24.)

Here, Defendant has not shown that the requested services are "necessary for adequate representation" since only sentencing remains for decision. United States v. Knox, 540 F.3d 708, 716-17 (7th Cir. 2008) (citing 18 U.S.C. § 3006A(e)(1)); cf. Smith v. Enomoto, 615 F.2d 1251, (9th Cir. 1980) (indicating a defendant appearing pro se must show need for state-funded investigative services before the same is authorized). The investigator and law clerk are not requested in connection with sentencing, and Defendant has not shown that the paralegal is necessary in connection with sentencing given that Defendant timely filed a seventy-three page Motion for Correction of the Pre-Sentence Report, including appendices. (See Def.'s Mot. for Correction, ECF No. 134.)

For the stated reasons, this portion of Defendant's motion is denied.

**F.    Determination of Lawfulness of Arrest (Request No. 22)**

Defendant requests the Court "[d]etermine [the] lawfulness of [his] arrest." (Def.'s Req. 11:9.)

The government "construes [this] request as a motion to suppress evidence," and responds, *inter alia*, that it is "untimely and unsupported by any authority." (Gov't Resp. 7:16-20.)

7

Whether construed as a motion to dismiss the indictment or a motion to suppress evidence based on the alleged illegality of Defendant's arrest, such a request is untimely and is therefore denied. Fed. R. Crim. P. 12((b)(3).

Dated:  August 26, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge