UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRENT DOUGLAS COLE,<br><br>Defendant. | No. 2:14-cr-269-GEB-EFB P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

On June 2, 2015, defendant filed a "Motion to Enjoin Disposal and Return Property." ECF No. 97; *see also* ECF No. 154.[1]  Included in that motion were requests that the court not only issue an order "enjoining the [Nevada County Sheriff's Office] from disposing of any property or evidence" connected to the underlying case, but also issue orders requiring the return of certain property to the defendant or his designee, allow for further forensic testing, produce copies of discovery, and award punitive damages.  Defendant's motion, as discussed below, should be granted to the extent it seeks the return of defendant's non-evidentiary property currently in the government's possession, and denied in all other respects.

First, defendant seeks "an injunction prohibiting Nevada County Sheriff's Office from charging any money to return or release any property belonging to the defendant." ECF No. 97 at 21.  The Nevada County Sheriff's Office (NCSO) has possession of defendant's Dodge Dakota

---

[1] The matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(b)(6).  ECF No. 98.

1

and has informed defendant that the vehicle will be disposed of unless defendant or his designee timely claims it and pays the $400 towing fee. *Id.*, App. 2. The government "takes no position on this request" but represents that the NCSO "has agreed to waive the $400 tow fee as long as the vehicle is retrieved by the defendant's designee, Clinton Desjarlais, or any other individual properly designated by the defendant." ECF No. 106 at 7.[2] Because the NCSO does not appear to be charging defendant for the return or release of his property, and is willing to release the vehicle to defendant's designee, this request is moot.

Next, defendant seeks to "enjoin NCSO from 'disposing' of any 'property' or evidence held belonging to [defendant] or that is specifically mentioned in this motion."[3] ECF No. 97 at 21. He also seeks the return of his property "by delivering it as specified or releasing it to Clinton Desjarlais by mail or as specified by him." *Id.* The government "takes no position" on these requests but notes that the non-evidentiary personal property of defendant that is being stored by the NCSO can be retrieved at the NCSO by the defendant's designee, Clinton Desjarlais, or any other individual properly designated by the defendant. ECF No. 106 at 7. The government also notes that "[i]t is the policy of the Nevada County Sheriff's Office that personal property can only be retrieved in person by the owner of that property or their properly appointed designee." *Id.* Thus, the return of defendant's property (including defendant's vehicle and its contents) is within defendant's control. If he is concerned that the NCSO will dispose of his property, he must timely claim it by complying with the NCSO policy governing the retrieval or personal property. His request for court intervention is unnecessary.

/////

---

[2] The court notes that the government served defendant with its June 24, 2015 response to his motion (ECF No. 106) on September 10, 2015. *See* ECF No. 158. Defendant did not file a reply.

[3] In addition to his vehicle and its contents, including a "backpack" and a "black canvas bag with paperwork and keys," defendant fears that the NCSO will dispose of a "thumbdrive" that contains an "audio recording of the BLM traffic stop." ECF No. 97 at 7, ¶ 19, App. 3. The government represents that the thumbdrive at issue "is only a recording of the Forest Service Dispatch radio traffic which occurred on June 14, 2014, and is not an audio recording of the traffic stop." ECF No. 106 at 6, Ex. A, ¶ 6, Ex. D.

1    Defendant also seeks the return of the following property items that were seized from the
2 crime scene on June 14, 2014: black canvas bag with paperwork and keys; black backpack with
3 paperwork, laptop computer, and digital camera; false teeth; men's pants with wallet, credit cards,
4 cash, identification, Social Security card; men's boots; Nokia cell phone; small knife; brown
5 cowboy hat; leather knife sheath; knife with bone handle; down coats; Dodge Dakota; key in front
6 pocket of pants; scabbard and rifle; knife in sheath; and "metal ammo can." ECF No. 97 at 21-22,
7 App. 3; ECF No. 106 at 8.

8    Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved
9 by an unlawful search and seizure of property or by the deprivation of property may move for the
10 property's return. Once seized property is no longer needed as evidence, a criminal defendant is
11 presumed to have the right to its return. *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993).
12 "Generally, a Rule 41[g] motion is properly denied if the defendant is not entitled to lawful
13 possession of the seized property, the property is contraband or subject to forfeiture or the
14 government's need for the property as evidence continues." *Id.* (internal quotations omitted,
15 discussing Rule 41(e), later designated Rule 41(g)).

16    The government objects to the return of the men's pants, the men's boots, the cowboy hat,
17 the backpack, and the rifle. ECF No. 106 at 9. The government objects on the ground that these
18 items are "actually items of evidence which . . . cannot be returned until the appeal process is
19 completed." *Id.* Indeed, items of evidence should be retained by the government pending appeal.
20 *See United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991) (defendant's
21 motion for return of property may be denied based on government's need for property as
22 evidence); *United States v. Saunders*, 957 F.2d 1488, 1495 (8th Cir. 1992) (holding that "[t]he
23 motion for the return of the paperwork, even papers that were not introduced at trial, was
24 premature because defendant's direct appeal was still pending"). To the extent defendant seeks
25 return of such evidentiary items, his motion must be denied.

26    However, the government does not articulate any legitimate reason for the retention of
27 certain non-evidentiary property in its possession, including the false teeth, wallet, credit cards,
28 cash, identification, and Social Security card, the Nokia cell phone, the small knife, the leather

knife sheath, the knife with bone handle, the key from the pants pocket, the knife in sheath, and the metal ammo can.  *See* ECF No. 106, Ex, A ¶¶ 4-7.  Therefore, defendant's motion should be granted to the extent he seeks the return of these items.[4]  *See Van Cauwenberghe*, 934 F.2d at 1061 ("when the property in question is no longer needed for evidentiary purposes, . . . [t]he person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property").

Defendant also requests an order that the government perform a "gun residue test" on his clothing and "an analysis of the bullet holes in his clothing by a competent ballistics expert to determine entry and exit points of bullets and trajectories and proximity to him when fired."  ECF No. 97 at 21.  The trial in this case has concluded.  ECF No. 67.  Further forensic testing is not called for at this stage in the proceedings.

Defendant seeks copies of various "items of evidence."  ECF No. 97 at 22.  The government represents that it previously provided the defense with these items, but is "amenable to providing the defendant with another complete set of discovery, including copies of reports, photographs, recordings, and all other previously produced items."  *See* ECF No. 106 at 8 (noting that physical evidence cannot be provided to the defendant).  In light of the government's offer to provide defendant with the requested copies, defendant's motion is moot.[5]

Lastly, defendant requests an order directing the NCSO "to pay $150,000 punitive damages for willful violation of [his] Fourth Amendment rights."  ECF No. 97 at 26.  The NCSO is not a party to this action and any claim for damages against that entity must be pursued in a separate action.

/////

---

[4] In order to secure the return of any non-evidentiary personal property being held at the NCSO Storage Unit, *see* ECF No. 106-1, Ex. A ¶¶ 5-7 (including the Dodge Dakota and the black canvas bag), defendant must comply with the NCSO policy governing the retrieval or personal property.  Where feasible, the government shall facilitate NCSO's return of defendant's property.

[5] In the event these findings and recommendations are adopted by the district judge, the government shall follow through with its offer to provide defendant with the requested copies.

4

Accordingly, IT IS HEREBY RECOMMENDED that defendant's "Motion to Enjoin Disposal and Return Property" (ECF Nos. 97, 154) be granted only to the extent it seeks the return of defendant's non-evidentiary property in the government's possession, and deny the motion in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 19, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE