UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>BRENT DOUGLAS COLE,<br><br>    Defendant. | No. 2:14-cr-269-GEB<br><br>**ORDER DENYING DEFENDANT'S MOTIONS FOR A NEW TRIAL** |

Pro se Defendant Brent Douglas Cole filed new trial motions docketed in the district court as ECF numbers 189, 190, 195, and 196.[1] When Cole filed ECF No. 189, his direct appeal to the Ninth Circuit was pending. The United States filed a response to Cole's new trial motion in which it argued: "Because the defendant's case is pending direct appeal at the Ninth Circuit, pursuant to Fed.R.Crim.P. 33(b)(1), this Court may not rule on the Motion for New Trial until defendant's appeal is completed and "the appellate court remands the case." Resp. to Mot. for New Trial at 2:10-12, ECF No. 191. The United States requested in this response

---

[1] Cole's request to represent himself was granted in the district court on April 24, 2015, but he elected to be represented by counsel on appeal from the judgment. However, after his direct appeal was decided he insisted that his appellate counsel withdraw from the case and "that . . . no counsel . . . be assigned to the case." Letter from Brent Douglas Cole to appellate counsel, ECF No. 207.

1

"that [the district judge] defer consideration of the motion and stay any briefing on this matter until the conclusion of defendant's direct appeal. Fed.R.Crim.P. 37(a)." Id. at 2:17-20. Federal Rule of Criminal Procedure 33(b)(1) prescribes: "If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Further, Federal Rule of Criminal Procedure 37(a) prescribes: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The United States' request was granted in an order filed January 5, 2017, in which the district judge deferred consideration of Cole's motion for a new trial and stayed further briefing on the motion until the conclusion of Cole's direct appeal. Order, ECF No. 192.

Subsequently, the United States filed a motion on December 10, 2018, in which it requested an order be issued lifting the stay "because direct appeal is complete" and "extend[ing] the time [for] the United States [to file an] opposition until March 1, 2019." 2:24, 3:10-11, ECF No. 197. Cole filed a response to this request on December 26, 2018, arguing: "[t]he court should lift the stay and deny the government['s] request for [time to file an opposition]." Resp. to United States Mot. at 2, ECF No. 199. The district judge lifted the stay and granted the United States until March 1, 2019 to file an opposition to Cole's new trial motions in an order filed January 3, 2019. ECF No. 200.

On March 1, 2019, the United States filed an opposition to Cole's motions for a new trial arguing, inter alia: "Because Cole does not meet the standard necessary for a new trial, the Court should deny all of Cole's motions." Opp'n at 1:19-20, ECF No. 210.

On February 11, 2015, Cole was convicted by a jury of one count of assaulting a federal officer in violation of 18 U.S.C. §§ 111(a) and 111(b), one count of assaulting a person assisting a federal officer in violation of 18 U.S.C. §§ 111(a) and 111(b), and one count of discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(iii).

The Ninth Circuit decided the direct appeal as follows:

> Cole argue[d] on appeal that his indictment is invalid because the government interfered with the independent structure of the grand jury[;] that the district court denied his right of allocution and [therefore the] case [should] be remanded for a new sentencing hearing[; and] that his two assault convictions under 18 U.S.C. §§ 111(a) and 111(b) are not "crimes of violence" for purposes of sustaining his firearm conviction.
>
> [A]ny error in the grand jury proceedings here was rendered harmless when the petit jury convicted Cole on all three counts. Cole has not otherwise established that the grand jury's structural protections in this case were compromised.
>
> [A] district court's failure to give the right of allocution at sentencing [is reviewed for harmless error]. The district court afforded Cole his right of allocution on multiple occasions during sentencing and properly limited Cole's discussion to issues pertaining to mitigation.
>
> This Court has held that a defendant charged with assault by using a deadly or dangerous weapon in violation of 18 U.S.C. § 111(b) must

3

|   |   |
|---|---|
| 1 | necessarily threaten the use of force. As such, a § 111(b) weapons charge is categorically a "crime of violence." Cole's convictions on Counts One and Two necessarily threaten the use of force and are therefore categorically "crimes of violence." The jury's determination that Cole committed a "crime of violence" was not an error. |

Ninth Circuit Memorandum at 2-3, ECF No. 193 (citations omitted).

The United States argues in its opposition to Cole's new trial motions:

> In scattershot fashion across four pleadings filed in 2016 and 2018, Cole raises various issues in support of his request for new trial, a summary of which includes: (1) jurisdictional error, failure to recuse, and bias by the Court; (2) improper indictment and prosecutorial misconduct before the grand jury; (3) ineffective assistance of trial defense counsel; (4) inability to present a defense during the proceedings and lack of allocution at sentencing; (5) the Court's failure to suppress law enforcement's initial contact with Cole and his confession after the shooting; (6) newly "discovered" medical records; (7) Government's suppression of exculpatory evidence; (8) unsubstantiated allegations of misconduct against a Nevada County Sheriff's investigator; and (9) Government's concealment of Cole's personal papers and missing state court pleadings.
>
> Cole fundamentally misunderstands the purpose of a new trial motion. None of the issues raised merits a new trial as each: (1) is time-barred; (2) is not based on newly discovered evidence; or (3) has been previously litigated and decided by this Court or the Ninth Circuit.

Opp'n at 6:2-13.

Federal Rule of Criminal Procedure 33 concerns a motion for a new trial. Rule 33(b)(1) prescribes: "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Rule 33(b)(2) prescribes: "Any motion for a new trial grounded on any reason

other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."

Cole makes conclusory and unsupported arguments that the district judge should have recused himself in this case. "A judge should not recuse himself based upon conclusory, unsupported or tenuous allegations." In re Kaminski, 960 F.2d 1062, 1065 n.3 (D.C. Cir. 1992) (per curiam). Cole's recusal motion is denied. Cole also argues that the federal court lacks jurisdiction over the offenses of which he was convicted. This basis for the motion lacks merit and is denied. Cole also makes an argument that could be construed as an assertion that a defect exists in the indictment. However, Federal Rule of Criminal Procedure 12(b)(3)(A) requires such a challenge to the indictment to be raised "by pretrial motion." This is an untimely motion and is therefore is denied.

Cole also seeks suppression of evidence in his motion. Cole's suppression of evidence arguments are denied since the arguments were required to have been made in a Rule 12 pretrial motion and are therefore untimely. Cole's motion also contains arguments concerning the grand jury. These arguments are disregarded because they involve an issue decided by the Ninth Circuit. The district judge will not address issues decided by the Ninth Circuit on direct appeal. Cole's motion also contains allegations against Nevada County Sheriff Detective Rusty Greene, which are time-barred under Rule 33 because they are raised more than three years after the entry of the jury verdict. Cole's motion also contains conclusory contentions that the government seized his personal papers following his arrest and concealed them. Cole has not shown that these allegations justify granting his

5

motion.  Cole also argues that documents in a state case court file are missing or were removed.  This argument does not justify granting Cole's new trial motion.

Cole also argues his motion should be granted because a newly discovered diagnostic imaging report conclusively proves that Bureau of Land Management Ranger Thad Pultorak fired the first shot involved in the gunfight offenses of which Cole was convicted.  The referenced report does not support Cole's assertion.  Nor is the report newly discovered evidence within three years after entry of the February 11, 2015 jury verdict.  The United States evinces this point in its opposition, as follows: "Cole admitted he received the report on or about April 27, 2018 . . . [and] this issue was not raised in Cole's first new trial pleadings filed in December 2016. (ECF 189 and 190)."  Opp'n at 10:8-9.  This motion is denied.

Cole also argues that the United States suppressed exculpatory evidence of the interview of Tom Browning, one of the EMS personnel who responded to the campsite where the gunfight occurred.  The United States concedes in its opposition that it had "inadvertently withheld the audio copy of Mr. Browning's interview, but [explains it gave Cole's trial counsel] a written summary of [Mr. Browning's] interview [which is] contained within a police report [in] its discovery production to trial defense counsel[; and] that the police report containing the summary of Mr. Browning's interview also indicated that the interview had been audio recorded and that a copy of the recording had been placed into evidence."  Opp'n at 10:19-24.  The United States further argues the probative value of the referenced audio copy of the interview is limited because:

> Cole cites the following passage [from the report] "and that he [Cole] was the one that had returned fire" [for the purpose of showing that Cole was shooting in self-defense and did not initiate the gunfight]. Cole wholly ignores Mr. Browning's further explanation on the next page where he stated "Didn't mean to say it that way if I did. I'm sorry. That there was gunfire and the he [Cole] was one person shooting and the officers were the other persons shooting. I don't know whether he [Cole] shot first or second or anything like that." Indeed, Mr. Browning wasn't present during the shooting and only responded to the scene afterwards.

Id. at 11:18-23 (citations omitted).

"[T]o prevail on a Rule 33 motion for a new trial, the movant must satisfy a five-part test: (1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal." United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir. 1991). The referenced audio copy of Mr. Browning's interview is cumulative considering the discovery provided to Cole and is not material since Mr. Browning did not witness the gunfight. Therefore, this motion is denied.

Cole also seeks a new trial based on:

> Mr. Browning's observations of the crime scene wherein he mentions seeing "another citizen . . . kind of further back by the camp, [and it] appeared that he might have been handcuffed, and sitting down. Never spoke with him or had any contact with him." Other than mentioning the supposed existence of this alleged material witness, Cole provides no further analysis as to how this fact alone entitles him to a new trial under the Kulcyzk

7

|   |   |
|---|---|
| 1 | factors. |
| 2 | Opp'n at 12:2-7 (citations omitted). |

The United States argues that the trial record does not support Cole's contention that an unidentified person witnessed the gunfight or was present at or near the campsite when other law enforcement and medical personnel responded to the scene after the conclusion of the gunfight. The United States further argues:

> Cole provides no offer of proof that suggests what, if anything, this alleged material witness might say about the shooting. In fact, whether this witness actually exists is subject to serious doubt. As [Andrew D. Forristel, Special Agent with the Federal Bureau of Investigation states in his affidavit attached to the opposition] Mr. Browning's statement was the only one that referenced this alleged material witness. No other witness at the scene during the shooting (Ranger Pultorak, Officer Hardin and Cole) or responding to the scene immediately after the shooting (Officer Zelhart and Deputy Liller) made mention of another witness. (Exhibit B). It is virtually inconceivable that no other law enforcement officer at the scene of the shooting on June 14, 2014, especially Deputy Liller who was in charge of scene security, noticed or documented the existence of a supposedly handcuffed civilian witness. (Exhibit A). [Moreover,] Mr. Browning's interview by a Nevada County investigator occurred nearly two months after the shooting on August 21, 2014. Considering he did not write a report about the incident and no other law enforcement officer present at the shooting scene on June 14, 2014 noticed or mentioned this alleged material witness, it is quite likely Mr. Browning was simply mistaken in his observations when he spoke with the Nevada County investigator. Even if he was not, Cole fails to establish a cognizable Brady claim that entitles him to a new trial under Rule 33.

Opp'n at 12:14-26, 13:1.

Cole has not shown the likelihood that another person witnessed issues involved in the trial, and that the referenced

person would provide material evidence which would probably result in Cole's acquittal as required under the third and fifth <u>Kulcyzk</u> factors. 931 F.2d at 548 (stating "(3) the evidence must be material to the issues at trial . . . ; and (5) the evidence must indicate that a new trial would probably result in acquittal."). Therefore, this missing witness argument does not entitle Cole to a new trial.

Cole also argues he should be granted a new trial because his attorney provided him ineffective assistance in the district court. The United States counters: "Cole's briefing [on this argument] is devoid of any legal or factual bases to support this claim, or [to] otherwise explain how [his attorney's representation of him] entitles him to a new trial." Opp'n at 8:4-5. Cole's argument that his attorney provided him ineffective assistance in the district court is conclusory, devoid of factual support, and fails to satisfy the newly discovered evidence requirement in Rule 33.

For the stated reasons, Defendant's motions for a new trial are denied.

Dated: March 13, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge