UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>BRENT DOUGLAS COLE,<br><br>Movant. | No. 2:14-cr-0269 GEB DB 1<br><br><br><br>ORDER |

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Presently before the court is the government's motion to compel discovery and for a protective order (ECF No. 228) and movant's motion for production of documents and motions for a ruling on his motion (ECF Nos. 227, 232, 240). For the reasons set forth below, the court will deny movant's motions without prejudice and direct him to confirm in writing whether he intends to proceed with his ineffective assistance of counsel claim.

**I.   Background**

On November 8, 2019, movant filed a motion to vacate, set aside, or correct his sentence under § 2255. (ECF No. 216.) Movant argues the court should vacate his conviction for several reasons, including his allegations that both his trial and appellate counsel were ineffective. By order dated December 27, 2019, the undersigned directed the respondent to file a response to

movant's motion.  (ECF No. 219.)  In addition to requesting several extensions of time to file their response to the § 2255 motion, respondent has also moved the court for an order compelling discovery and for a protective order related to movant's trial and appellate counsel.  (ECF No. 228.)

## II. Respondent's Motion for Protective Order

The government has filed a motion seeking an order compelling movant's trial and appellate attorneys to provide discovery related to the allegations contained in movant's § 2255 motion.  (ECF No. 228.)  The government has further requested the court issue a protective order limiting the scope of the waiver of attorney client privilege.

In his response, movant claims that he has not waived attorney client privilege.  (ECF No. 232 at 3.)  However, he has also requested production of trial counsel's case file.  (Id. at 1.)  "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."  Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003).  Movant is advised that if he wishes to proceed with his ineffective assistance of counsel claims, he cannot also refuse to waive attorney-client privilege.

Because movant has made conflicting statements regarding his ineffective assistance of counsel claims, the court will direct petitioner to indicate in writing whether he wishes to proceed with his ineffective assistance of counsel claims in his § 2255 motion.  The court will not rule on respondent's motion for protective order until after movant has indicated whether he wishes to proceed with his ineffective assistance of counsel claims.

## III. Movant's Motions Requesting Production of Documents

Movant has also filed a motion requesting production of documents (ECF No. 227), and motions requesting a ruling on his motion for production (ECF Nos. 232, 240).  Respondent has sought and received several extensions of time to respond to that motion.  (ECF Nos. 229, 231, 238, 239, 248, 249.)  Respondent argues the court should refrain from ruling on movant's motion until after they file their opposition because the grounds presented in movant's motion to vacate may be narrowed by the opposition to the motion to vacate.  (ECF No. 229 at 2.)

The court declines to rule on movant's motion until respondent has had an opportunity to file an opposition or statement of non-opposition.  Accordingly, the court will deny movant's motions for ruling without prejudice.

**IV.     Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of this order movant shall indicate in writing whether he wants to proceed with his ineffective assistance of counsel claims and waive attorney-client privilege or drop his ineffective assistance of counsel claims.
2. Movant's motions requesting a ruling on his motion for production of documents (ECF Nos. 232, 240) are denied without prejudice.

Dated:  September 28, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/prisoner-habeas/cole0269.Var