UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cr-0269 GEB DB 1 |
| Respondent, | |
| v. | ORDER |
| BRENT DOUGLAS COLE, | |
| Movant. | |

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Presently before the court is the government's motion for protective order (ECF No. 228), for an extension of time to respond to movant's request for production (ECF No. 256), and for an extension of time to respond to movant's § 2255 motion (ECF No. 263). For the reasons set forth below, the court will grant the government's motion for a protective order as well as the motions for extensions of time.

**I.     Respondent's Motion for Protective Order**

On November 8, 2019, movant filed a motion to vacate, set aside, or correct his sentence under § 2255. (ECF No. 216.) Movant argues the court should vacate his conviction for several reasons, including his allegations that both his trial and appellate counsel were ineffective. By order dated December 27, 2019, the undersigned directed the respondent to file a response to movant's motion. (ECF No. 219.) In addition to requesting several extensions of time to file

their response to the § 2255 motion, respondent has also moved the court for an order compelling discovery and for a protective order related to movant's trial and appellate counsel. (ECF No. 228.)

Respondent seeks to compel movant's trial and appellate attorneys to provide discovery related to the allegations contained in movant's § 2255 motion. (ECF No. 228.) The government has further requested the court issue a protective order limiting the scope of the waiver of attorney client privilege.

Thereafter, movant indicated that he did wish to waive attorney client privilege. (ECF No. 232 at 3.) By order dated September 28, 2020, the court directed movant to indicate whether he intended to proceed with his ineffective assistance of counsel claims. (ECF No. 251.) Movant has now stated that he intends to continue with his ineffective assistance of counsel claims. (ECF No. 254 at 3.)

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003). The waiver applies to all information necessary to give the opposing party a fair opportunity to defend. Id. at 719. If a district court exercises its discretion and allows discovery subject to an attorney-client waiver, the court must also enter appropriate protective orders clearly delineating the contours of the limited waiver before the commencement of discovery. Id. at 728.

The government states that it cannot fully respond to movant's § 2255 motion without discovery from movant's trial and appellate counsel. (ECF No. 228 at 3.) In order to adequately respond to movant's § 2255 motion, respondent will need to know what counsel did or did not do and why. Accordingly, the court finds that the government has stated a plausible reason why it needs the information requested.

Subject to the protective order issued below, the court finds movant has waived attorney-client privilege regarding movant's allegations that:

////

////


- J Toney's failure to file a motion to quash the indictment pursuant to 18 U.S.C. § 3161(b). (ECF No. 216 at 7, 36-38.)
- J Toney's failure to move for suppression of Cole's in-custody interrogation by law enforcement officers. (Id. at 7, 36-38.)
- J Toney's failure to timely notify the Court and the United States of defense witnesses, investigate the case, obtain and interview material witnesses, including experts, present a coordinated defense or subject the prosecution's evidence to sufficient adversarial testing. (Id. at 7, 32, 38.)
- J Toney's failure to present exculpatory evidence or expert witnesses, provide movant with discovery, his concealment of the investigation of a State Investigator retained by movant's state-appointed defense counsel, and his failure to satisfy the requirements of 18 U.S.C. § 3006A(a). (Id. at 32, 39-43.)

The court further finds that movant has waived attorney-client privilege with regard to communications with his appellate counsel regarding Karyn Bucur's failure to: (1) raise an alleged violation of the Speedy Trial Act; (2) challenge two jury instructions; (3) follow movant's directions; and (4) raise specific issues demanded by movant on appeal. (Id. at 8, 44.)

**II.     Motions for Extension of Time**

The government has sought extensions of time to respond to movant's motion for discovery (ECF No. 256) and to respond to movant's § 2255 motion (ECF No. 263).

In support of its motion for an extension of time to respond to movant's request for discovery, the government states that any response to movant's request is premature because the government's response to the §2255 motion may narrow the issues presented and shed light on whether any of the requests for production are relevant. (ECF No. 256 at 2.)

In support of its motion for an extension of time to respond to movant's §2255 motion, the government cites challenges presented by the COVID-19 pandemic and its need for the discovery addressed in Section I above. (ECF No. 263 at 2-3.) Good cause appearing the court will grant the motions for extensions of time.

////

**III.     Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

    1. Respondent's motion for an extension of time to respond to movant's discovery requests (ECF No. 256) is granted.  Respondent shall file a response to movant's request for production on or before May 28, 2021.

    2. Respondent's motion for an extension of time to respond to movant's § 2255 motion (ECF No. 263) is granted.  Respondent shall file its response on or before March 26, 2021.

    3. Respondent's motion for a protective order (ECF No. 228) is granted as follows:

        a. Trial attorney J Toney and appellate attorney Karyn Bucur and any other member of the defense team who communicated with defendant with respect to the allegations in movant's § 2255 motion shall provide the government with declarations addressing each of movant's ineffective assistance of counsel allegations as set forth in Section I above.

        b. Trial attorney J Toney and appellate attorney Karyn Bucur and any other member of the defense team who communicated with defendant with respect to the allegations in movant's § 2255 motion shall make themselves available for interviews to answer any questions posed by the government regarding the allegations in movant's § 2255 motion. The aforementioned individuals, if called by either party, shall also testify in court on a date to be determined by the Court to answer any questions posed by the government or the defendant regarding the allegations discussed above.

        c.  For purposes of habeas corpus litigation in this matter, all privileged communications or materials obtained by the United States from defense counsel J Toney and Karyn Bucur for purposes of responding to Movant's claim of ineffective assistance of counsel, as described above, shall be deemed confidential. Until such time as this court may order otherwise, these communications or materials may be used only by the representatives of the United States Attorney's Office and only for purposes of responding to movant's § 2255 motion.

    Disclosure of the contents of the communications or materials themselves may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this court.  The communications and materials may not be used, cited, or relied upon by the government in any habeas corpus or other related proceedings in federal court, or in any future proceedings against movant, including any possible retrial.  This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial or all or any portion of movant's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment in this matter.

Dated:  December 22, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/prisoner-habeas/cole0269.eot+pro.ord