UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cr-0269-WBS-SCR-1 |
| Respondent, | |
| v. | <u>ORDER</u> |
| BRENT DOUGLAS COLE, | |
| Movant. | |

Movant is a federal prisoner proceeding without counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Currently pending before the court is movant's motion for recusal of the undersigned. ECF No. 370. Respondent has filed an opposition to the motion. ECF No. 373. For the reasons indicated below, the court denies the motion.

**I.    Motion for Recusal**

In his motion, movant describes himself as a "Constitutionalist" and submits that a "judicial cabal" is operating within the Eastern District of California to only appoint biased judges to his case in violation of the Local Rules. ECF No. 370. Movant also argues that former Chief District Judge Kimberly Mueller improperly reassigned this case on January 14, 2020 as well as on August 6, 2024 since she had previously recused herself from the criminal proceedings. See ECF Nos. 10, 220, 338.

1

By way of opposition, respondent contends that the recusal motion is untimely because the undersigned was assigned to this case over eight months ago. ECF No. 373. Additionally, respondent submits that movant's declaration does not establish any bias or prejudice that would warrant granting the motion. ECF No. 373. Regarding Chief District Judge Mueller's minute orders reassigning this case, respondent points out that these were merely ministerial orders.

## II.   Legal Standard

The Ninth Circuit has "held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (citation omitted). If the affidavit supporting the motion is legally insufficient or conclusory in nature, then recusal can be denied. United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995). The substantive standard in both federal statutes governing recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (internal quotations omitted)); see also 28 U.S.C. § 144; 28 U.S.C. § 455. Recusal is justified "only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988).

## III.   Analysis

Based on these standards and a review of the motion, a reasonable person with knowledge of the facts of this case would not have a basis to question the impartiality of the undersigned magistrate judge nor the procedure utilized to reassign this matter. The undersigned magistrate judge was reassigned this matter, as well as all the other cases that were previously assigned to Magistrate Judge Deborah Barnes upon her retirement. See ECF No. 338. Movant's conclusory allegations are based on nothing more than rank speculation of a conspiracy against him and are legally insufficient to establish a reasonable question as to the undersigned's impartiality. Therefore, the motion for recusal is denied.

////

////

Accordingly, IT IS HEREBY ORDERED that movant's motion for recusal (ECF No. 370) is denied for the reasons stated herein.

DATED: May 14, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE